IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 19-218-2 |
| | : | |
| ALEXANDER MALAVE | : | |

## MEMORANDUM OPINION

Smith, J.                                                                    March 18, 2022

The government has charged the defendant and numerous co-defendants with drug and sex trafficking crimes connected to the violent criminal enterprise known as the "Sevens" gang, of which the defendant was alleged to have been a founder and leader. During the defendant's arrest in 2018, the police seized his cellphone. Then, during police interrogation, the defendant indicated that the cellphone would contain alibi evidence. Based in part on this representation, the police sought and obtained a search warrant, which allowed them to search the cellphone. The search of the cellphone revealed evidence of multiple crimes, including sex trafficking, and identifying information as to the defendant's co-conspirators.

The extracted data from the cellphone remained on a disc in police custody throughout these criminal proceedings. The defendant then moved to suppress his cellphone and all data extracted from it, arguing that the search warrant from 2018 lacked probable cause and particularity. Seemingly in response to this motion, the government sought and obtained another search warrant for the data from the cellphone saved on the disc. The defendant then filed a second motion to suppress, raising the same arguments from the prior motion with respect to this second search warrant.

For the reasons discussed below, the court will deny the motions to suppress because both search warrants were (1) based on probable cause, (2) supported by a sworn affidavit, and (3) prepared with the requisite particularity and not overbroad.

## I.    RELEVANT PROCEDURAL HISTORY

On March 12, 2019, the government filed a criminal complaint against six alleged members of the Sevens gang, including the defendant, Alexander Malave. *See* Compl., Doc. No. 1. The complaint initially included allegations of the defendant and his co-defendants being involved in a conspiracy to commit sex trafficking by force, fraud, or coercion.[1] *See id.*

A month later, on April 11, 2019, a grand jury returned an initial indictment charging those six defendants, and two other Sevens members, with conspiracy to commit sex trafficking by force, fraud, or coercion, and of minors. *See* Indictment, Doc. No. 1. On January 16, 2020, a grand jury returned a 22-count superseding indictment, charging 13 defendants, including the eight previously charged, with drug and sex trafficking, and violent crimes. *See* Superseding Indictment, Doc. No. 65. Specifically, the superseding indictment charges the defendant with conspiracy to participate in a racketeering enterprise,[2] two counts of conspiracy to commit sex trafficking by force, fraud, or coercion, and of a minor,[3] two counts of kidnapping, including aiding and abetting, in aid of racketeering activity,[4] two counts of attempted murder, including aiding and abetting, in aid of racketeering activity,[5] use and carry of a firearm, including aiding and abetting, during and in relation to a crime of violence,[6] and two counts of sex trafficking by

---

[1] 18 U.S.C. §§ 1591, 1594(c).
[2] 18 U.S.C. § 1962(d).
[3] 18 U.S.C. §§ 1591, 1594(c).
[4] 18 U.S.C. §§ 2, 1959(a)(1), (2), (3).
[5] 18 U.S.C. §§ 2, 1959(a)(3), (5).
[6] 18 U.S.C. §§ 2, 924(c).

force, fraud, or coercion, including aiding and abetting.[7] *See id*. The superseding indictment describes the defendant's role in the criminal enterprise as follows:

> Defendant [Alexander M. Malave] was a co-founder of the Sevens and a General. Defendant [Malave] was also a Bloods gang member. Defendant [Malave] ensured gang rules were followed, by force when necessary, and through punishment by physical assaults when rules were violated. Defendant [Malave] recruited and attempted to recruit females to engage in commercial sexual encounters. Defendant [Malave] attended and led Sevens meetings.

*Id*. at 5.

On January 10, 2022, the defendant moved to suppress an LG Stylo 4 cellphone ("LG cellphone") which was recovered from him after a 2018 arrest, and all data subsequently extracted from the LG cellphone after police executed a search warrant on November 29, 2018. *See* Def.'s Mot. to Supp. Physical Evidence [from] a LG Stylo 4 Cellular Telephone and all Data Extracted from it ("Def.'s First Mot.") at ECF p. 6, Doc. No. 297. The defendant argued that the underlying search warrant lacked probable cause, in addition to being overbroad. *See id*. On the same day that the government filed a response in opposition thereto, it also filed a new search warrant application for the extracted data from the LG phone that had been saved on a disc and stored in evidence. *See* Gov't's Resp. in Opp'n to Def.'s Mot. to Supp. ("Gov't's Resp. to Def.'s First Mot."), Doc. No. 309; Gov't's Resp. in Opp'n to Def.'s Second Mot. to Supp. ("Gov't's Resp. to Def.'s Second Mot.") at ECF p. 18, Ex. A, Doc. No. 324. On January 27, 2022, the defendant filed a second motion to suppress the data extracted from the LG cellphone, arguing that the new warrant was (1) fruit of a prior unconstitutional search, (2) lacked probable cause, and (3) lacked the requisite level of particularity. *See* Def.'s Second Mot. to Supp. Physical Evidence [from] a LG Stylo 4 Cellular Telephone and all Data Extracted from it ("Def.'s Second Mot.") at ECF pp. 3–4, Doc. No. 323. The next day, the government filed a response in

---

[7] 18 U.S.C. §§ 2, 1591(a)(1), (b)(1), and 1594.

opposition thereto, arguing that both search warrants were constitutional. *See generally* Gov't's Resp. to Def.'s Second Mot.

On January 31, 2022, the court conducted an evidentiary hearing on the motions to suppress. Criminal Investigator Justin Uczynski ("CI Uczynski") and Criminal Investigator Joseph Snell ("CI Snell") testified on behalf of the government. Both search warrants were admitted into evidence. At the conclusion of the hearing, the court took the matter under advisement and allowed the parties additional time to file briefs on the matter. Neither party filed supplemental briefing. The motions are now ripe for disposition.

## II.    FINDINGS OF FACT

The credible evidence offered at the January 31, 2022 suppression hearing establishes the following facts.[8]

In 2018, law enforcement officials opened an investigation into alleged sex and drug trafficking activities involving members of the "Sevens" gang,[9] occurring at 125 S. 4th St., Reading, Pennsylvania ("the Boarding House"). Several months after the investigation commenced, on November 28, 2018, Reading Police Department officers obtained an arrest warrant for the defendant for an aggravated assault involving multiple perpetrators that occurred at the Boarding House. That same day, officers arrested the defendant and took him into custody. During a post-arrest search of the defendant, officers recovered the LG cellphone in a black and orange protective case. Soon thereafter, CI Uczynski interviewed the defendant about the assault. At some point, the defendant told CI Uczynski that he had an alibi for the assault, and that materials on his LG cellphone would confirm this alibi. The next day, CI Uczynski applied for a search warrant ("2018 search warrant") for the LG cellphone, which included his own sworn

---

[8] A transcript of the testimony adduced at the suppression hearing has not been produced at this time.
[9] This investigation yielded evidence that Sevens members often used nicknames and aliases.

affidavit of probable cause. The 2018 search warrant described the item to be seized and searched as follows:

> The LG Stylo 4 cellular telephone facility in the possession and control of Alexander Malave: including all user generated data stored on the handset, SIM card and/or MicroSD card, including but not limited to– phone ownership, brand, make & model, serial number, IMEI (International Mobile Equipment Identity), cellular service/network provider or carrier information, user/owner account information, calendars [sic] events, contact lists, SMS (short message service) & MMS (Multimedia messaging service), call log details, e-mail accounts, internet web browsing activity, GPS (Global Positioning System) information, IP (Internet Protocol) Connections, user generated notes, user generated dictionaries, wireless network connections, sync files, voicemails, removable media storage cards (SD, microSD, etc.), SIM cards (Subscriber Identity Module), digital photographs, video files, audio files, purchased and deleted applications and their data, social networking data, all operating system files (database files), other electronic files, all deleted data.

*See* Def.'s First Mot., Ex. A at ECF p. 10. The search warrant was approved by a Pennsylvania magisterial judge later that day. After receiving approval, officers extracted and downloaded the contents and data of the LG cellphone using Cellebrite software. Officers then saved the contents of the LG cellphone to a disc which was entered into evidence, and the LG cellphone was returned to the defendant. The contents of the LG cellphone contained evidence of multiple crimes, including sex trafficking, and identifying information as to the defendant's co-conspirators.

The defendant filed his first motion to suppress the data recovered from the LG cellphone on January 10, 2022, arguing that the 2018 warrant lacked probable cause and the requisite level of particularity. *See* Def.'s First Mot. at ECF p. 5. On January 24, 2022, the government submitted a second application for a search warrant ("2022 warrant") to re-search the contents of the disc, stored in evidence, containing the data extracted from the LG cellphone in 2018. A sworn affidavit from CI Snell accompanied the application. The 2022 warrant was approved by United States Magistrate Judge Richard A. Lloret.

### III.   DISCUSSION AND CONCLUSIONS OF LAW

The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures, and includes that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV.

The Fourth Amendment requires that a search warrant be supported by probable cause, and "[e]vidence seized pursuant to a search warrant that is not so supported may be suppressed." *United States v. Vosburgh*, 602 F.3d 512, 525 (3d Cir. 2010) (citation omitted). "Probable cause" means "more than bare suspicion." *Brinegar v. United States*, 338 U.S. 160, 175 (1949). It exists where "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been committed. *Carroll v. United States*, 267 U.S. 132, 162 (1925). The reviewing court's duty is simply to ensure "the magistrate had a 'substantial basis for ... concluding' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 85 (1980)). Direct evidence linking the thing to be searched to the crime is not required for the issuance of a search warrant. *See United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (citing *United States v. Conley*, 4 F.3d 1200, 1207 (3d Cir. 1993)).

Here, each magistrate judge had a substantial basis for concluding that probable cause existed for the respective warrant. The sworn affidavit accompanying the 2018 warrant application described an aggravated assault linked to the defendant and other suspected Sevens gang members, and it included information that would make it reasonable to believe that a search

6

of the defendant's LG cellphone would either (1) exonerate the defendant as he claimed, or (2) reveal evidence related to the aggravated assault. As to the 2022 warrant, its accompanying sworn affidavit provided copious information that evidence of the defendant's participation in sex trafficking crimes as a Sevens gang member had been discovered in plain view when officers first searched the LG cellphone in 2018, pursuant to a valid warrant. Therefore, neither warrant lacked probable cause.

As to the issue of particularity, the Fourth Amendment provides that "warrants must 'particularly describ[e] the place to be searched and the persons or things to be seized." *United States v. Yusuf*, 461 F.3d 374, 393 (3d Cir. 2006) (alteration in original) (quoting U.S. Const. amend. IV). An insufficiently particular, or "general," warrant provides "the executing officer[ ] with unbridled discretion to conduct an exploratory rummaging through [the defendant's] papers in search of criminal evidence." *United States v. Christine*, 687 F.2d 749, 753 (3d Cir. 1982). "[T]he absence from the warrant of a provision limiting the search and seizure to documents pertaining to the time period of the scheme [does] not make the warrant 'so facially deficient' 'as to render official belief in its [legality] entirely unreasonable.'" *United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars & Fifty-Seven Cents ($92,422.57)*, 307 F.3d 137, 151 (3d Cir. 2002) (quoting *United States v. Hodge*, 246 F.3d 301, 306 (3d Cir. 2001)).

"Particularity has three components: 'First, a warrant must identify the specific offense for which the police have established probable cause. Second, a warrant must describe the place to be searched. Third, the warrant must specify the items to be seized by their relation to designated crimes.'" *United States v. Perez*, 712 F. App'x 136, 138–39 (3d Cir. 2017) (citing *United States v. Galpin*, 720 F.3d 436, 445–46 (2d Cir. 2013)). Courts have recognized the

difficulties posed by adapting "Fourth Amendment search doctrines designed for physical spaces to digital contexts," specifically in the context of particularity. *Id*. at 139 (citations omitted).

The 2018 warrant meets the three components by (1) identifying the offense, aggravated assault, (2) describing the LG cellphone and the parts of the LG cellphone to be searched, and (3) explaining a relationship between the LG cellphone data being seized and the aggravated assault at the Boarding House. The defendant primarily objects to the search of *all* data on the LG cellphone, and suggested during oral argument that the warrant should have been limited by search terms, or to certain parts of the LG cellphone, such as text messages. However, the Third Circuit has previously held that broad seizure in digital contexts can be required in circumstances where evidence of the specific crime could be found anywhere on the device and would likely be disguised or concealed. *See United States v. Stabile*, 633 F.3d 219, 234 (3d Cir. 2011) (citations omitted) (holding that seizure of six entire hard drives was reasonable to search for evidence of financial crimes). Considering, *inter alia*, law enforcement's credible belief that the defendant and his alleged co-conspirators used multiple aliases, the scope of the search was reasonable.

Because the 2018 warrant was not an unconstitutional search, the defendant's subsequent argument that any evidence obtained using the 2022 warrant is fruit of a prior unconstitutional search, is moot. The defendant also challenges the particularity of the 2022 warrant because, like the 2018 warrant, it sought all data that had been extradited from the LG cellphone in 2018. For reasons mirroring those provided when discussing the 2018 warrant, the court finds the 2022 warrant's scope to be reasonable. The 2022 warrant (1) identified multiple specific offenses, (2) described the relevant disc, the data contained on that disc, and the data's original source, and (3) sufficiently specified the items to be seized by their relation to designated crimes.

## IV.    CONCLUSION

The court therefore finds that neither search warrant violated the Fourth Amendment because both warrants were (1) based on probable cause, (2) supported by a sworn affidavit, and (3) prepared with the requisite particularity and not overbroad. Accordingly, the court will deny the defendant's motions to suppress.

An appropriate order follows.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.